## COMMONWEALTH vs. THOMAS D. BONNER.

Malice, in the publisher of a libel, does not imply personal ill will towards the person libelled.

Under the Rev. Sts. c. 133, § 6, which permit a defendant, who is indicted for a libel, to give in evidence the truth of the matter charged as libellous, but provide that such evidence shall not be deemed a justification, unless it be made to appear that such matter was published with good motives, and for justifiable ends, the burden is on the defendant, not only to prove the truth of the matter so charged, but also that it was published with good motives and for justifiable ends.

THE defendant was indicted for a libel published in the "New England Cataract," a newspaper printed in Pittsfield. The indictment alleged that said libel, among other things, contained the following defamatory words of and concerning Oliver Brown: "However, there were a few who, according to the old topers' dictionary, were drunk; yea, in all conscience, drunk as a drunken man; and who, and which of you, desperadoes of the town, got them so? Was it you, whose groggery was open, and the rat soup measured out, at your

bar, to drunkards, while a daughter lay a corpse in your house, and even on the day she was laid in her cold and silent grave, a victim of God's chastening rod upon your guilty drunkard-manufacturing head? Was it you, who refused to close your drunkery on the day that your aged father was laid in the narrow house appointed for all living, and which must ere long receive your recreant carcass? We ask again, was it you? was it you?"

The defendant was found guilty by the jury, on a trial in the court of common pleas, before *Washburn*, J. who signed the following bill of exceptions: "The publication by the defendant was proved. The defendant introduced evidence to prove, and contended that he did prove, all the facts alleged in said publication. He also introduced evidence tending to prove that the said Brown had sold ale and cider, without license, in a shop in Pittsfield used for the purpose of tippling, and in which tippling was allowed. It was admitted that said Brown was not licensed as a retailer, innholder or common victualler. The defendant contended that, by the Rev. Sts c. 133, § 6, the facts contained in the publication set forth in the indictment being proved, it was incumbent on the government to prove that said defendant's motives, in applying the same to the said Brown, were malicious. The court charged and instructed the jury, that the burden was upon the defendant to show that the matter charged to be libellous was published with good motives, and for justifiable ends; that malice is the wilful doing of an unlawful act, and does not necessarily imply personal ill will towards the person libelled. The defendant excepted to the ruling of the court, as applied to the facts proved, as he contends, in this case, and contended that having proved the truth of all the facts alleged in the libel, and the publication being in reference to an illegal traffic, a public nuisance, the jury should have been instructed that it was incumbent on the government to show that said Bonner's motives were malicious, in the popular sense of the word, as respects said Brown; and that the definition aforesaid, given by the judge, of legal malice, is incorrect, and not conforma-

ble to said revised statutes; and that such malice only would not sustain the indictment."

*Gold,* for the defendant.

*Porter,* (District Attorney,) for the Commonwealth.

SHAW, C. J. The court are of opinion that the charge of the judge of the court of common pleas was strictly correct. If a publication be libellous, that is, be such as to bring the person libelled into hatred, contempt and ridicule amongst the people, malice is presumed from the injurious act. But by Rev. Sts. *c.* 133, § 6, "in every prosecution for writing or publishing a libel, the defendant may give in evidence, in his defence upon the trial, the truth of the matter contained in the publication charged as libellous; provided, that such evidence shall not be deemed a sufficient justification, unless it shall be further made to appear, on the trial, that the matter charged to be libellous was published with good motives, and for justifiable ends." Nothing can be more explicit. The judge, therefore, was right in directing the jury that, after the publication had been shown to have been made by the defendant, and to be libellous and malicious, the burden was on the defendant, not only to prove the truth of the matter charged as libellous, but likewise that it was published with good motives, and for justifiable ends.

We are also satisfied that the judge was right in his description or definition of legal malice ; that it is not malice in its popular sense, viz. that of hatred and ill will to the party libelled, but an act done wilfully, unlawfully, and in violation of the just rights of another. *Ante,* 104, 105. 1 Stark on Slander, (Wendell's ed.) 191.

*Exceptions overruled.*